```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____

United States of America,       ) Criminal Action
                                ) No. 1:22-cr-00222-CRC
              Plaintiff,        )
                                ) First Appearance
vs.                             )
                                )
Ryan Kelley,                    ) Washington, D.C.
                                ) June 16, 2022
              Defendant.        ) Time:  1:57 p.m.
_____

              Transcript of First Appearance
                       Held Before
      The Honorable Magistrate Judge Robin M. Meriweather
                 United States Magistrate Judge
_____

                       A P P E A R A N C E S

For the Government:       Frederick Yette
                          UNITED STATES ATTORNEY'S OFFICE
                          FOR THE DISTRICT OF COLUMBIA
                          555 Fourth Street, Northwest
                          Washington, D.C. 20001

For the Defendant:        Gary K. Springstead
                          SPRINGSTEAD BARTISH BORGULA &
                          LYNCH PLLC
                          28 West Main Street
                          Fremont, Michigan 49412

                          Jay P. Mykytiuk
                          SCROFANO LAW PC
                          600 F Street, Northwest, Suite 300
                          Washington, D.C. 20004

Pretrial Services Officer:  Da'Shanta' Valentine-Lewis

Proceedings reported by FTR Gold Electronic Recording Software.
_____

Transcribing Stenographic Court Reporter:
                          Nancy J. Meyer, RDR, CRR
                          333 Constitution Avenue, Northwest
                          Washington, D.C. 20001
```

|    |                                                                           |
|----|---------------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                                                     |
| 2  | THE COURTROOM DEPUTY:  Recalling 22-mj-133, the                           |
| 3  | United States of America v. Ryan Kelley.  The defendant is                |
| 4  | present by video.  This matter is set as a first appearance in            |
| 5  | the district.                                                             |
| 6  | Will the parties please introduce yourselves for the                      |
| 7  | record, starting with the government.                                     |
| 8  | MR. YETTE:  Good afternoon, Your Honor.  Frederick                        |
| 9  | Yette standing in for April Ayers-Perez for the government.               |
| 10 | THE COURT:  Good afternoon.                                               |
| 11 | MR. SPRINGSTEAD:  Attorney Gary Springstead on behalf                     |
| 12 | of Mr. Kelley, along with local counsel, Jay Mykytiuk.                    |
| 13 | MR. MYKYTIUK:  Jay Mykytiuk, Your Honor.  Good                            |
| 14 | afternoon.                                                                |
| 15 | THE COURT:  Good afternoon.                                               |
| 16 | UNIDENTIFIED SPEAKER:  How you doing?                                     |
| 17 | THE COURT:  Good afternoon.  We're running a little                       |
| 18 | behind.                                                                   |
| 19 | UNIDENTIFIED SPEAKER:  I can't (unintelligible).                          |
| 20 | Hold on.  It's too loud out there.  I can't hear.  One second.            |
| 21 | Okay?                                                                     |
| 22 | THE DEFENDANT:  Good afternoon, Your Honor.  Ryan                         |
| 23 | Kelley.                                                                   |
| 24 | THE COURT:  Good afternoon, Mr. Kelley.                                   |
| 25 | THE PRETRIAL SERVICES OFFICER:  Good afternoon,                           |

1   Your Honor.  Da'Shanta' Valentine-Lewis, Pretrial Services
2   Agency.
3           THE COURT:  Good afternoon.
4       Okay.  And, Mr. Springstead and Mr. Mykytiuk, you're
5   retained counsel; correct?
6           MR. SPRINGSTEAD:  Yes, Your Honor.
7           MR. MYKYTIUK:  Yes, Your Honor.
8           THE COURT:  Thank you.
9       And does Mr. Kelley agree to proceed by video today
10  pursuant to the CARES Act?
11          MR. SPRINGSTEAD:  Yes, he does, Your Honor.
12          THE COURT:  Okay.  Thank you.
13      Mr. Yette, is the United States seeking detention or
14  recommending particular release conditions for Mr. Kelley?
15          MR. YETTE:  Your Honor, it would be the standard
16  release conditions we read off earlier.  Plus, I believe,
17  pretrial has asked for an additional condition; that he not
18  possess a passport or other international travel document.  We
19  would request that as well.
20          THE COURT:  Thank you.
21      Does the defense object to those recommended release
22  conditions?
23          MR. SPRINGSTEAD:  Yes, Your Honor.  Mr. -- as you
24  may be aware, Mr. Kelley is currently a candidate for governor
25  in the state of Michigan, and as such, he's required to

1  travel throughout the state and also to meet with the press
2  as needed by his campaign.  So I was going to request
3  that the Court modify the conditions of his release to
4  allow him to travel anywhere throughout the U.S. with --
5  we're fine with the limitation on D.C.; that appears to be
6  standard.
7      But it would be a significant burden for him to have to
8  contact pretrial services every time he wanted to cross from
9  the Eastern District of Michigan to the west or vice versa.
10          THE COURT:  So the -- the condition the government is
11  seeking is not that he would obtain permission.  It's just that
12  he give notice if it were -- I can understand the need to
13  travel within the state and all of its districts.  But is there
14  enough travel outside of Michigan that would make it burdensome
15  to just tell pretrial that he's going?
16          MR. SPRINGSTEAD:  Your Honor, I think he could
17  probably work with that.  My concern was simply that if he had
18  to fly, for instance, to the Upper Peninsula in Michigan, he
19  may choose an airline that may pop him through Minneapolis,
20  Chicago, Cleveland, any of those surrounding hubs.
21          THE COURT:  Mr. Yette, if I were to modify the -- the
22  travel -- the standard travel restrictions to allow Mr. Kelley
23  to travel freely within the state of Michigan without notice to
24  pretrial and also allow him to pass through other states for
25  air travel to other parts of the state of Michigan, but

1  otherwise require notice to pretrial for other travel outside
2  of the state, would you have any objection to that
3  modification?
4        MR. YETTE:  I don't oppose that, Your Honor.
5        THE COURT:  Okay.  So the -- and then,
6  Mr. Springstead, were there any other objections to the
7  recommended release conditions?
8        MR. SPRINGSTEAD:  I understand that not possessing a
9  firearm or any dangerous weapons is also a condition,
10 Your Honor.  And, again, because he is a bit of a high-profile
11 candidate in Michigan and a -- but due to the nature of the
12 campaign, he doesn't have security.  He does possess in
13 Michigan what we call a conceal license -- or permit to carry a
14 firearm, which doesn't give him access to carry a firearm
15 anywhere he wants.  There's restrictions on it, but he asked
16 that he be permitted to carry his firearm for his own
17 self-defense during the campaign.
18       MR. YETTE:  Your Honor, we would oppose that request
19 and ask that the standard condition be imposed.
20       THE COURT:  Thank you.
21    And does pretrial also share the government's request,
22 that the no firearm condition be imposed?
23       THE PRETRIAL SERVICES OFFICER:  That is correct,
24 Your Honor, as well as -- because in Michigan, they also
25 have -- do -- they may do home visits; so we would ask that

1   Mr. Kelley notify his office -- his officer of any travel.
2           THE COURT: Any travel even within the state of
3   Michigan?
4           THE PRETRIAL SERVICES OFFICER: As you previously
5   said, Your Honor, it's just simply a notification. So that
6   could be via email, via text message. It doesn't have to be
7   a full-fledged conversation with the officer, but just to
8   let the officer know that he is away from his home
9   jurisdiction.
10          THE COURT: Okay. Thank you.
11      Mr. Springstead, could you give me, maybe, a sense of
12  how frequently you anticipate that Mr. Kelley would need to
13  travel within the state of Michigan?
14          MR. SPRINGSTEAD: He's traveling every single day,
15  you know, zigzagging across the state to various campaign
16  sites. It's -- it's a statewide campaign. It's not like one
17  for local office. So he would be traveling all the time. And
18  I could -- if I were pretrial services, I wouldn't want to have
19  to be kept apprised of that. And, certainly, for my client's
20  position, it's going to be burdensome to -- to let them know at
21  every turn where he is. Especially if he's limiting his travel
22  to the state of Michigan, I think it's reasonable.
23          THE COURT: Thank you.
24          MR. YETTE: Your Honor, I think Mr. Kelley dropped
25  off for a second.

1         THE COURT: Oh.
2         MR. YETTE: He's coming back.
3         THE COURT: Okay. Okay. Thank you.
4         THE DEFENDANT: Yes, Your Honor, I'm back. I'm not
5    sure what happened.
6         THE COURT: Okay. All right. Thank you.
7         Thank you, Mr. Yette, for -- for noticing that and
8    letting me know.
9         Okay. So in terms of the release conditions, with
10   respect to travel, I -- I will modify the travel
11   restrictions -- the standard travel restriction to allow
12   Mr. Kelley to travel freely within the state of Michigan
13   without giving notice to pretrial services of this travel
14   within the state, notwithstanding pretrial's objection to that,
15   at least during the pendency during the campaign.
16        I would ask that if the campaign ends while this case is
17   still pending trial, if the defendant could then notify the
18   Court so that we can adjust this condition to, perhaps, go back
19   to the standard travel restrictions.
20        But I -- this doesn't sound practical during the
21   campaign time to have these daily notices of the travel. I
22   will also modify the travel restriction to allow Mr. Kelley to
23   pass through other states, if necessary, while traveling from
24   one part of Michigan to another part of Michigan.
25        With respect to the firearm provision, over the

1    defense's objection, I will impose the standard condition that
2    Mr. Kelley not possess any firearms or dangerous weapons while
3    he is on pretrial release.  I -- I do understand the concern
4    raised by the defense.  However, I also -- the Court also has
5    to take into account the safety of pretrial officers who do
6    conduct home visits in that location; and, therefore, I will
7    require him to follow the firearms condition that -- as -- as
8    numerous other defendants also have as well.
9         Other than that, the standard conditions that Mr. Yette
10   has articulated will be set as stated on the record earlier.
11        Mr. Springstead, did you need me to repeat or explain
12   any of the release conditions that I plan to impose in this
13   case?
14            MR. SPRINGSTEAD:  No, Your Honor.  Thank you.  I
15   assume they'll be in writing, available through pretrial
16   services.
17            THE COURT:  Yes, they will.
18            MR. SPRINGSTEAD:  Okay.  Thank you.
19            THE COURT:  Thank you.
20        Mr. Kelley, could you confirm that you heard and
21   understood the release conditions that will be set in your
22   case?
23            THE DEFENDANT:  Yes, Your Honor, I heard the
24   conditions and I understand.
25            THE COURT:  Thank you, Mr. Kelley.

1            Ms. Bryant, could you please place Mr. Kelley under oath
2   so that we can swear him to his release conditions.
3            THE COURTROOM DEPUTY:  Mr. Kelley --
4            THE PRETRIAL SERVICES OFFICER:  Your Honor --
5            THE COURT:  Oh, wait a second.
6         Ms. Valentine-Lewis, did you have something?
7            THE PRETRIAL SERVICES OFFICER:  I did.  I just wanted
8   to confirm if we imposed the conditions to turn over all
9   passports?
10           THE COURT:  Oh.  Sorry.  Yes, that will also be a
11  condition in this case.
12           THE PRETRIAL SERVICES OFFICER:  Okay.  Thank you.
13           THE COURT:  Thank you.
14        Okay.  Ms. Bryant.
15           THE COURTROOM DEPUTY:  Mr. Kelley, will you please
16  raise your right hand.
17           (Oath administered to Mr. Kelley.)
18           THE DEFENDANT:  I do.
19           THE COURTROOM DEPUTY:  Thank you.  You may lower your
20  hand.
21           THE COURT:  Thank you.
22        Mr. Yette, have you discussed the next court date with
23  the defense in this matter?
24           MR. YETTE:  I've suggested to them that if we would
25  continue this for about 60 days down the road, so -- no

1      specific Tuesday or Thursday, but sometime in August.
2                THE COURT:  Thank you.  Mr. Springstead.
3                MR. SPRINGSTEAD:  We haven't considered that,
4      Your Honor, but I was wondering whether Mr. Kelley is going to
5      be entitled to a preliminary hearing.
6                THE COURT:  Do you wish to have one?
7                MR. SPRINGSTEAD:  We do.
8                THE COURT:  Do you wish to have one?
9                MR. SPRINGSTEAD:  Yes.
10               THE COURT:  Okay.  Then we should schedule one.  Is
11     there a date on which you would propose to have it?
12               MR. SPRINGSTEAD:  The 27th of June works for me.
13               MR. MYKYTIUK:  I'm sorry.  I -- I will not be
14     available the 27th of June, unless the Court is willing to
15     waive my appearance as local counsel.
16               MR. YETTE:  Your Honor, that's in -- that's a little
17     less than the 21-day period.  So we would actually ask for
18     July 7th.
19               THE COURT:  Twenty-one days for -- from --
20               MR. YETTE:  From today.
21               THE COURT:  -- today?
22            Would that work for the defense?
23               MR. SPRINGSTEAD:  It would, Your Honor.
24               MR. MYKYTIUK:  It does work for local counsel as
25     well.

1                THE COURT:  Okay.  And then, Mr. Mykytiuk, I have

2    signed the pro hac vice motion.  So you do not need to --

3                MR. SPRINGSTEAD:  And, Your Honor --

4                THE COURT:  Yes.

5                MR. SPRINGSTEAD:  I'm sorry to interrupt.

6         I was wondering, under Rule 5.1(b), it indicates that

7    the defendant is able to select a district in which the

8    preliminary hearing is if his charges are other than where the

9    charges have been filed.  And so we would ask that since the

10   prosecutor has to travel either way, that for the convenience

11   and cost efficiency -- cost efficiency that Mr. Kelley's

12   preliminary hearing be held in the Western District of

13   Michigan.

14               THE COURT:  So, typically, if you wanted to have the

15   preliminary hearing in that jurisdiction, then there's a form

16   that that Court should have provided at the initial appearance

17   there where the defendant would indicate whether he wanted to

18   have it there or here.  And I think our records indicate

19   that the form did not request it there.

20               MR. SPRINGSTEAD:  Okay.

21               THE COURT:  That said, travel shouldn't be necessary

22   because we would just conduct it virtually, unless he objects

23   to having it be virtual.

24               MR. SPRINGSTEAD:  I'm not familiar with whether the

25   District of Columbia is doing anything in person yet.

1           THE COURT: We can do things in person if the
2  defendant doesn't consent to have it virtually, but we -- the
3  default is virtual unless the defendant --
4           MR. SPRINGSTEAD: We -- we would like it to be in
5  person.
6           THE COURT: For the preliminary hearing?
7           MR. SPRINGSTEAD: Yes, Your Honor.
8           THE COURT: Okay. So that's July 7th. Is that the
9  date we were discussing?
10          MR. SPRINGSTEAD: Yes.
11          THE COURT: Okay. That would be before Judge Harvey
12  in July.
13      Ms. Bryant, is there a time that you would propose for
14  an in-person preliminary hearing?
15          THE COURTROOM DEPUTY: Yes. We can do 1:30.
16          THE COURT: Okay. Does that time work for everyone?
17  Counsel?
18          MR. SPRINGSTEAD: Yes, Your Honor.
19          MR. YETTE: That's fine, Your Honor.
20          THE COURT: Okay. So the next court date for the
21  defendant, Mr. Kelley, would be a preliminary hearing, which is
22  set for 1:30 p.m. on July 7th.
23      Ms. Bryant, which courtroom is Judge Harvey's courtroom?
24          THE COURTROOM DEPUTY: That would be Courtroom 6.
25          THE COURT: Okay. Thank you. That will be in

1       Courtroom 6.
2               MR. MYKYTIUK:  I'm sorry.  Just to clarify, the
3       preliminary hearing will be in person but in the District of
4       Columbia?
5               THE COURT:  Yes.  That's correct.
6           Mr. Yette, is the government seeking speedy trial
7       tolling between today and July the 7th?
8               MR. YETTE:  Yes, we would, Your Honor, for the
9       reasons stated earlier.
10              THE COURT:  Thank you.  Any objection from the
11      defense?
12              MR. SPRINGSTEAD:  Yes, Your Honor.  I'm sorry to --
13      to say that, but at this point we're not willing to waive our
14      speedy trial rights.
15              THE COURT:  Okay.  Thank you.
16          So the government has asked to toll time under the
17      Speedy Trial Act until July the 7th.  The defense objects.
18              Notwithstanding that objection, I will grant the
19      government's motion to exclude the time between today and
20      July 7th, 2022, from any calculation under the Speedy Trial
21      Act.  I find that exclusion of time best serves the ends of
22      justice and outweighs the interest of the public and the
23      defendant in a speedy trial, as it will -- takes into account
24      the delays that the Court has experienced in bringing cases to
25      trial due to the coronavirus pandemic.

1   It will provide an opportunity for the government to
2   review and begin providing what is anticipated to be an
3   extremely voluminous amount of discovery and also will provide
4   an opportunity for the government to begin engaging in
5   discussions with the defense about the case.
6   Mr. Yette, does the United States have anything else for
7   the Court regarding Mr. Kelley's case?
8   MR. YETTE:  No, Your Honor, that's fine.  Thank you.
9   THE COURT:  Thank you.
10   Anything further from the defense?
11   MR. SPRINGSTEAD:  Your Honor, we would simply
12   request -- and this may be a little bit redundant, given
13   the Court's standing order, but that we be provided with
14   any statements that the government intends to rely upon at
15   the hearing, at the preliminary hearing, in advance of the
16   hearing.
17   MR. YETTE:  I will just direct counsel to the
18   assigned prosecutor; that is April Ayers-Perez.
19   THE COURT:  Thank you, Mr. Yette.
20   And I'll note that -- for the record, that the defense
21   has requested that they be provided the statements that will be
22   relied on in advance of the preliminary hearing.
23   Anything else, Mr. Springstead?
24   MR. SPRINGSTEAD:  No, Your Honor.  Thank you.
25   THE COURT:  Okay.  Thank you.

1        That concludes Mr. Kelley's case.  The next court date
2   is a preliminary hearing set on July the 7th at 1:30 p.m.
3   before Magistrate Judge Harvey in Courtroom 6 in this court.
4        Counsel and Mr. Kelley, unless you're appearing for
5   another matter, you are excused.  Thank you.
6            (Proceedings were concluded at 2:18 p.m.)

Case 1:22-cr-00222-CRC   Document 23   Filed 07/11/22   Page 16 of 16

16

CERTIFICATE

I do hereby certify that the foregoing is a true, correct, and complete transcript of the audio-recorded proceedings in this matter, audio recorded on June 16, 2022, and transcribed from the audio recording to the best of my ability, and that said transcript has been compared with the audio recording.

Dated this 29th day of June, 2022.


/s/ Nancy J. Meyer
Nancy J. Meyer, Official Court Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
333 Constitution Avenue Northwest
Washington, DC 20001
202-354-3118
nancy_meyer@dcd.uscourts.gov