UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

– – – – – – – – – – – – –

UNITED STATES OF AMERICA,

            Plaintiff,                           No. 1:22-cr-00222-CRC-1

v.                                      Hon. Christopher R. Cooper
                                            United States District Judge

RYAN KELLEY,

            Defendant.

## UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

Mr. Ryan Kelley respectfully requests that the Court continue the scheduled status conference to allow sufficient time to receive and review discovery and explore any potential plea offers. Mr. Kelley makes this motion for an ends-of-justice continuance pursuant to 18 to 18 U.S.C. § 3161(h)(7)(A). The government does not oppose the motion.

In support of this motion, defense counsel states:

1.      Mr. Kelley was charged with having knowingly entered or remained in a restricted building or grounds without lawful authority, in violation of 18 U.S.C. § 1752(a)(1); with having engaged in disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); with having engaged in an act of physical violence against person or property in any restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4); and, with willfully injuring or committing any depredation of property of the United States, in violation of 18 U.S.C. § 1361. (ECF No. 14, Information).

2.      Mr. Kelley made his initial appearance on June 16, 2022.

3.      The status conference is scheduled for September 28, 2022.

4.      A continuance is necessary and the ends of justice would be served if a continuance was granted. The requested continuance is reasonable and for good cause as defense counsel requires more time to receive and review the discovery, and also explore any potential plea offers. The discovery review and discussions with the government will not be complete by the currently scheduled status conference.

5.      The Speedy Trial Act — which requires that a trial commence within 70 days from the date of indictment or arraignment, whichever is later — allows for certain enumerated pretrial delays.

6.      The Act excludes from the 70-day Speedy Trial Clock "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

7.      The Act also excludes time from the Speedy Trial Clock when a judge finds "that the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The request to move the final pretrial conference, and trial can be evaluated under this standard.

8.      In evaluating a request for an ends-of-justice continuance, the Court must consider certain factors, including:

    a.      "Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

    b.      "Whether the failure to grant such a continuance . . . would deny counsel . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

9.     District courts regularly grant ends-of-justice continuances when the defendant articulates reasons for needing more time to prepare adequately for the trial or hearing. *See, e.g.*, *Zedner v. United States*, 547 U.S. 489, 498 (2006) (explaining that the ends-of-justice continuance provision in the Speedy Trial Act gives courts "flexibility" and "discretion" to "accommodate limited delays for case-specific needs").

10.    The parties request that the Court grant a 60 day continuance.

11.    Mr. Kelley agrees that the time limits under the Speedy Trial Act are tolled for the period between the current status conference and the date agreed upon for the next hearing.

12.    The government does not object to this request.

Wherefore, with no objection from the government, Mr. Kelley respectfully requests a continuance of the status conference to allow defense counsel sufficient time to receive and review discovery and assess a potential resolution short of trial.

Dated: 9/27/2022

Respectfully submitted,
*/s/ Nicole E. Springstead Stolte*
Nicole E. Springstead Stolte
Counsel for Defendant
60 Monroe Center St., N.W., Suite 500
Grand Rapids, Michigan 49503
Tel: (616) 458-5500
nicole@sbbllaw.com